IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED ENTERED
LODGED RECEIVED

JUL – 5 2007

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CIVIL NO. AMD 05-3121 |
| | : | CRIM.NO. AMD 03-0410 |
| ROBERT D. SOUTH | : | |

...oOo...

MEMORANDUM OPINION

Robert Dwayne South, a person in federal custody, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. South alleges that his counsel was ineffective. Having considered South's claim and the government's response, the court concludes that a hearing is unnecessary. The motion to vacate shall be denied for the reasons set forth within.

I.

South challenges his sentence of 15 years in prison (the mandatory minimum for his charge), and a life term of supervised release, imposed by this court on December 16, 2004, in consequence of his guilty plea. He alleges that his counsel was ineffective because: (1) counsel had stated during plea negotiations that he had never seen a judge give a sentence that included a life term of supervised release, thereby indicating to South that this sentence would be unlikely for him; and (2) counsel recommended that he comply with the agreement the U.S. and State's Attorneys had made for a global disposition of his federal and state charges by foregoing the opportunity for downward departure from the mandatory sentencing minimum.

South's prosecution arose from the following facts. On July 29, 2003, the Baltimore City Police Department, responding to a report from South's wife that South had sexually abused their seven--year-old daughter, arrested South on charges including child abuse and second degree sexual offense. In a subsequent interview, South "admitted he had rubbed [his daughter's] vagina and that she had performed oral-genital intercourse upon him … [and] that he had produced visual depictions of [his daughter] naked and engaged in sexually explicit conduct." The Baltimore State's Attorney instituted charges against South in the Circuit Court for Baltimore City on August 23, 2003.

The following month a federal grand jury indicted South and charged him with sexual exploitation of a minor, shipment of visual depictions of minors engaged in sexually explicit conduct, and possession of material depicting minors engaged in sexually explicit conduct. These charges were based on evidence that, *inter alia*, South had transmitted images of his daughter in interstate commerce through the website Yahoo.com.

The court appointed Paul Hazlehurst of the Office of the Federal Public Defender to represent South. Hazlehurst negotiated with the U.S. Attorney for a plea agreement pursuant to which South would plead guilty to Count One of the indictment, Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(b), and the U.S. Attorney would dismiss Counts Two and Three, alleging violations of 18 U.S.C. § 2252(a)(1) and 2252(a)(4)(B), respectively. The plea agreement stated that South would be subject to a federal mandatory minimum of 15 years in prison and a life term of supervised release.

Case 1:05-cv-03121-AMD   Document 1   Filed 07/06/07   Page 3 of 5


The plea agreement explained that the provisions of 18 U.S.C. § 2251(b) preempted the Sentencing Guideline applications and resulted in a higher mandatory sentence.

The plea agreement also allowed for a global disposition of South's state and federal charges. Because South complied with the U.S. Attorney by offering information about another case, he was eligible for a U.S.S.G. § 5K1.1 downward departure from the mandatory minimum in the federal sentencing guidelines. Hazlehurst negotiated for the potential 35-year state sentence to be suspended if South received the mandatory minimum federal sentence, thus enabling South to serve all of his time in a federal facility of the Bureau of Prisons, and thereby gain the benefit of programs that could better address his problems than those at the Maryland State Department of Corrections.

On October 21, 2004, South pled guilty to Count One of the federal Indictment, and on December 16, 2004, the court sentenced South to 15 years in prison and a life term of supervised release. The next day he pled guilty to the state charges of second degree sexual offence and sex abuse of a minor in the Circuit Court of Maryland, and was sentenced to 30 years in prison. As contemplated by the federal plea agreement, the state sentence was suspended.

On November 18, 2005, South filed the present motion to vacate, set aside, or correct his sentence on the grounds that his counsel was ineffective, to which the government has responded.

II.

To claim collateral relief under 28 U.S.C. § 2255, the movant  must show one of the following: (1) the sentence violated the Constitution or a federal law; (2) the court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the legal maximum; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. To make such an attack, a plaintiff must show there was a "fundamental defect which result[ed] in the complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974). To prove the defect of ineffective counsel, a plaintiff must demonstrate (1) that the counsel made unreasonable and serious errors of professional judgment or performance; and (2) that the errors prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). There is a strong presumption that counsel performed with competence. *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985)

South has failed to overcome the presumption of competence and has therefore failed to show that his counsel was ineffective. His first claim, that Hazlehurst misled him about the likelihood that the court would impose a life term of supervised release, is undermined by the record. The record shows affirmatively that South knew he was subject to such a sentence. The stipulation was explicit in the plea agreement, which South reviewed and signed with Hazlehurst.. Furthermore, South confirmed his understanding of the stipulation in court at the rearraignment hearing and at the sentencing hearing.  Even if Hazlehurst unintentionally miscommunicated the likelihood that the court would impose a life term of supervised release, he was reasonable in

assuming South understood the life term of supervised release was a potential consequence since South declared his agreement to the stipulation on multiple occasions.

Similarly, South fails to show, even remotely, that Hazlehurst erred in advising him to exchange his opportunity for a downward departure from the minimum mandatory sentence of 15 years imprisonment for a global disposition of his federal and state charges. Courts give deference to counsel's strategic decisions, and the exchange clearly benefitted South in significant ways. First, South avoided a 30-year sentence, potentially consecutive to his federal sentence, by following Hazlehurst's advice because the exchange Hazlehurst recommended called for the suspension of the sentence for his state charges. Also, the plea agreement insured that South would "not have to visit the Department of Corrections in Maryland, but be allowed to serve his sentence in the Bureau of Prisons wholly, because that's probably gong to be where he is going to receive the ultimate ability to deal with his problem." Sentencing Hr'g, Tr. 59.

Manifestly, South has not shown any prejudice that resulted from Hazlehurst's alleged ineffectiveness, as he must for a successful incompetence claim. Thus, his claim would fall on his failure to meet this prong alone.

III.

For the reasons set forth above, the motion pursuant to 28 U.S.C. § 2255 shall be denied. An order follows.

Filed: July 5, 2007

ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE